ANTHONY P. CAPOZZI, CSBN 068525
LAW OFFICES OF ANTHONY P. CAPOZZI
1233 W. Shaw Avenue, Suite 102
Fresno, CA 93711
Telephone: (559) 221-0200
Fax: (559) 221-7997
E-mail: capozzilaw@aol.com

Attorney for Defendant,
AMEN AHMED ALI

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO

\* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CR-F-06-0292 AWI |
| Plaintiff, | STIPULATION AND PROPOSED ORDER TO RECONVEY PROPERTY |
| vs. | |
| AMEN AHMED ALI, | |
| Defendant. | |

IT IS AGREED BETWEEN the Defendant, AMEN AHMED ALI, by and through his attorney-of-record, Anthony P. Capozzi, and Plaintiff, by and through Assistant United States Attorney Stanley A. Boone, that on December 5, 2008 a Deed of Trust bearing document number 2008041555 was prematurely recorded with the Madera County Recorders Office. (See Exhibit A) On March 20, 2009, a second Deed of Trust with Assignment of Rents bearding document number 209009217 was recorded with the Madera County Recorders Office. (See Exhibit B) Both Deeds

were recorded in the amount of $475,000.00 on behalf of the Defendant and were secured by Straight Notes.

IT IS HEREBY STIPULATED between the PARTIES that the property located at 501 "B" Street, Madera, California 93638, posted as bond for the Defendant's pretrial release be reconveyed as to document number 2008041555 only.

IT IS FURTHER STIPULATED that the court will still hold a lien on the property in the amount of $475,000.00 through the Deed of Trust filed on March 20, 2009 at document number 2009009217.

Dated: March 25, 2009

Respectfully submitted,

/s/ Anthony P. Capozzi
ANTHONY P. CAPOZZI
Attorney for Defendant,
AMEN AHMED ALI

Dated: March 25, 2009

/s/ Stanley A. Boone
STANLEY A. BOONE
Assistant U.S. Attorney

**ORDER**

IT IS SO ORDERED.

Dated: March 25, 2009

HONORABLE ANTHONY W. ISHII
U.S. District Court Judge

2

EXHIBIT A

| | | | | |
|---|---|---|---|---|
| **RECORDING REQUEST** | | Recorded in Official Reco.  County | | 12/05/2008 |
| U.S.A v. Amen Ahmed Ali | | **REBECCA MARTINEZ** | | 11:00 AM |
| CR. 1:0600292-AWI | | Madera County Recorder | | 1 |
| | | P Public | | |
| **WHEN RECORDED MAIL TO:** | | | | |
| | | Doc#: **2008041555** | Titles: 2 | Pages: 5 |
| Name: Clerk of the U.S. District Court | | | Fees | 28.00 |
| | | | Taxes | 0.00 |
| Address: 2500 Tulare Street | | | Other | 0.00 |
| City: Fresno | | | PAID | $28.00 |
| State & Zip Code: California, 93721 | | | | |

SPACE ABOVE THIS LINE FOR RECORDER'S USE

**APN: 011-053-006**     **DEED OF TRUST AND ASSIGNMENT OF RENTS**

**This DEED OF TRUST**, made 12/4/2008, between Future Investments, Ltd, a California Limited Partnership, by and through Ahmed Alomedi, herein called Trustor, whose address is 501 B Street, Madera, CA 93638 and Fidelity National Title Company, herein called TRUSTEE, and the Clerk of the United States District Court- Eastern District of California, herein called BENEFICIARY,

**WITNESSETH:** That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in the County of Madera, State of California, described as:
Lot 25 and fractional Lots 26 and 27 in Block 4 of Lankershim Addition to the City of Madera, according to the map entitled, "Map of Lankershim Colony and Addition to the Town of Madera &c.", filed and recorded in the office of the County Recorder of the County of Fresno, State of California, February 5, 1889 in Book 4 of Maps, at Page 31.

**TOGETHER WITH** the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority hereinafter given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

**For the Purpose of Securing:** (1) Performance of each agreement of Trustor incorporated by reference or contained herein. (2) Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the **PRINCIPAL SUM OF $475,000.00** executed by Trustor in favor of Beneficiary or order. (3) Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it so secured.

The following is a copy of provisions (1) to (14), inclusive, of the fictitious Deed of Trust, recorded in each county in California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as set forth at length therein.

**To protect the Security of this Deed of Trust, Trustor Agrees:**
(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

Deed of Trust and Assignment of Rents

(4) To pay, at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, ~~enc~~ ~~nbrances~~, charges and liens, with intere~~st~~ ~~on~~ ~~said~~ property or any part thereof, which appear to be prior or superior hereto; ~~an~~ ~~all~~ fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do, without notice to or demand upon Trustor, and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such monies received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto". Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving onto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

Deed of Trust and Assignment of Rents

(12) Beneficiary, or any successor in n' 'ip of any indebtedness secured hereby, ' i time to time, by instrument in writing, substitute a successor or successors n, .rustee named herein or acting hereunder iiui instrument, executed by the Beneficiary and duly acknowledged and recordeo ... the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

Dated: 12-04-08

STATE OF CALIFORNIA
COUNTY OF ___Madera___ }ss

On ___12-04-08___ before me

personally appeared ___Ahmed Alomedi___

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____
NOTARY SIGNATURE

Ahmed Alomedi On Behalf of Future Investments Ltd.

ANTHONY J. FERNANDES
COMM. #1708238
Notary Public - California
Madera County
My Comm. Expires Dec. 3, 2010

SPACE ABOVE RESERVED FOR NOTARY SEAL

Deed of Trust and Assignment of Rents

# ACKNOWLEDGMENT

State of California
County of ___Madera___ )

On _12-04-08_ before me, _Anthony J. Fernandes Notary Public_
(insert name and title of the officer)

personally appeared _Ahmed Alomedi_ ,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

ANTHONY J. FERNANDES
COMM. #1708238
Notary Public - California
Madera County
My Comm. Expires Dec. 3, 2010

Signature _Anthony J. Fernandes, Notary Pub._ (Seal)

Deed of Trust and assignment Rents

**DO NOT RECORD**
**REQUEST FOR FULL RECONVEYAN**
**To be used only when note has been paid.**

A reconveyance will be issued upon presentation to Clerk of the United States District Court of this request properly signed and accompanied by the reconveyance fee, the Deed of Trust, the original Note or Notes secured by said Deed of Trust, and any receipt or document evidencing any other indebtedness secured thereby.

TO:       , TRUSTEE:

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith, together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, all the estate now hold by you under the same.

Dated:

_____

MAIL TAX RECONVEYANCE TO:

_____

_____

_____

_____

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee at for cancellation before reconveyance will be made.

Deed of Trust and Assignment of Rents

**EXHIBIT B**

Recorded in Official Records, Madera County  3/20/2009
**REBECCA MARTINEZ**  3:30 PM
Madera County Recorder  1
P Public

Doc#: 2009009217    Titles: 2    Pages: 3



Fees    22.00
Taxes    0.00
Other    0.00
PAID    $22.00

RECORDING REQUESTED BY

UNITED STATES DISTRICT COURT CLERK

AND WHEN RECORDED MAIL TO

NAME     Victoria C. Minor, Clerk
           United States District Court
ADDRESS   2500 Tulare Street
CITY &     Fresno
STATE     California

TITLE ORDER NO. _____ ESCROW NO. _____                           SPACE ABOVE THIS LINE FOR RECORDER'S USE

## DEED OF TRUST WITH ASSIGNMENT OF RENTS

This DEED OF TRUST, made January 22, 2009, between <u>FUTURE INVESTMENTS, LTD.</u>, a California Limited Partnership, herein called TRUSTORS, whose address is <u>501 SOUTH "B" STREET, MADERA CALIFORNIA 93268</u>, CHICAGO TITLE COMPANY, a California Corporation, herein called TRUSTEE, and VICTORIA C. MINOR, Clerk, United States District Court, Fresno, herein called BENEFICIARY.

Witnesseth: That Trustors IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in the City of Madera, California, described as:

501 "B" STREET, MADERA, CALIFORNIA 93638

LOT 25 AND FRACTIONAL LOTS 26 AND 27 IN BLOCK 4 OF LANKERSHIM ADDITION TO THE CITY OF MADERA, ACCORDING TO THE MAP ENTITLED, "MAP OF LANKERSHIM COLONY AND ADDITION TO THE TOWN OF MADERA&C.", FILED AND RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF THE COUNTY OF FRESNO, STATE OF CALIFORNIA, FEBRUARY 5, 1889 IN BOOK 4 OF MAPS, AT PAGE 31.

APN #011-053-006.

TOGETHER with the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions herein by reference to collect and apply such rents, issues and profits.

For the Purpose of Securing: 1. Performance of each agreement of Trustors incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $475,000.00 on <u>behalf of Amen Ahmed Ali</u> executed by Trustors in favor of Beneficiary or order. 3. Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

To Protect the Security of this Deed of Trust, Trustors Agree:

(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefore; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustors. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

(4) To pay; at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustors fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustors and without releasing Trustors from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any incumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums to expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10) that as additional security, Trustors hereby give to and confer upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustors the right, prior to any default by Trustors in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustors in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustors, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustors, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder or the county or counties where said property is situated, shall be conclusive proof or proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustors, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustors, Beneficiary or Trustee shall be a party unless brought by Trustee.

The undersigned Trustors request that a copy of any Notice of Default and any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

Signature of Trustors,

AHMED SALEH ALOMEDI, Partner in FUTURE INVESTMENTS, LTD.

MOHAMED SALEH ALOMEDI, Partner in FUTURE INVESTMENTS, LTD.

ABDO SALEH ALOMED,
ABDO SALEH ALOMEDI, Partner in FUTURE INVESTMENTS, LTD.

ACKNOWLEDGMENT OF NOTARY PUBLIC

State of California

County of Madera

On March 20, 2009, before me, Willbur Olson, Notary Public, personally appeared Ahmed Saleh Alhamdi, Abdo Saleh alhamdi and Mohamed Saleh Alhamdi who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing is true and correct.

WITNESS my hand and official seal.



_Wilbur Olson_

WILBUR OLSON
Commission # 1704686
Notary Public - California
Madera County
My Comm. Expires Nov 28, 2010