BENJAMIN B. WAGNER
United States Attorney
DAWRENCE W. RICE, Jr.
Assistant U.S. Attorney
2500 Tulare Street, Suite 4401
Fresno, California  93721
Telephone: (559) 497-4000

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re Jukar-Spain .45 caliber Pistol, Serial Number 109435, and Enfield Rifle, Serial Number PF330911. | CASE NO. 1:06-cr-00292 LJO<br><br>APPLICATION AND ORDER TO DESTROY FIREARMS |

The government hereby applies for an order pursuant to the All Writs Act, 28 U.S.C. § 1651, to destroy two firearms, a Jukar-Spain .45 caliber Pistol, Serial Number 109435, and an Enfield Rifle, Serial Number PF330911, that were seized as evidence by the Federal Bureau of Investigation during the investigation and prosecution of Amen Ahmed Ali in case number 1:06-cr-00292 LJO, and which cannot legally be returned to Amen Ahmed Ali, because he is now a convicted felon.

FACTS

On May 22, 2003, the Federal Bureau of Investigation, Sacramento Division, learned of a suspicious cargo container in the Port of Los

1  Angeles.  The container was outbound for the Republic of Yemen and
2  was randomly examined by Customs Border Protection (CBP) personnel at
3  the Port.
4      During the search of the shipping container, CBP personnel
5  located military chemical protective clothing and military ballistic
6  and fragmentation protective vests. During the investigation, CBP
7  determined that these items were not listed on the shipping
8  declaration and no export license for such items had been issued by
9  the Department of State.
10     Based on the nature of the cargo found during inspection, CBP
11 notified Bureau of Immigration and Customs Enforcement (BICE) and
12 BICE began an investigation of the shipment and shippers.  The
13 Sacramento division of the Federal Bureau of Investigation (FBI)
14 initiated an investigation into ownership of the cargo. Handwritten
15 on the shipping label was the name "AMIN ALROWHANI". Also handwritten
16 on the shipping label was the name "ALROHANY AMIN", and the
17 Bakersfield, Ca., telephone number: (661) 872-5290.
18     On March 4, 2004, the FBI was informed that an individual
19 identified as AMEN AHMED ALI had entered the United States at Los
20 Angeles International Airport having returned from the Republic of
21 Yemen.  ALI was detained by Customs Border Protection agents and
22 questioned about his activities and suspicious photographs and
23 documents located in his personal items.  Among those items were
24 photographs of ALI attired in a apparent military uniform of a
25 foreign nation and other photographs of him posing with other
26 individuals, dressed in traditional Middle Eastern garb and holding
27 what appeared to be AK-47 type rifles.  Agents also found a Yemen
28 identification card bearing a photo of ALI and the name AMEN ALI HAJ

ROUHANE.

During the interview of ALI, BICE agents asked him about government records which indicated he owned a total of 12 handguns. His response was that he owned only one rifle and he denied ever owning the other firearms. Later during the interview, he told the BICE agents that he sold the weapons to friends, but would not say if the friends to whom he sold the firearms were in the United States or a foreign nation.

Based on information provided by BICE from the interview of ALI at Los Angeles International Airport and information from the shipping label for the container of military equipment, the FBI was able to determine that the subject listed on the shipping label and the subject detained at Los Angeles International Airport were the same person, AMEN AHMED ALI.

Subsequent to the interview of ALI at Los Angeles International Airport, the FBI began a long term undercover investigation of ALI.

ALI was eventually indicted for conspiring to act as an illegal agent of a foreign government, unlawfully export defense articles, and possess stolen government property in violation of 18 U.S.C. §§ 371, 951, and 641 and 22 U.S.C. § 2278 and other charges.

On September 7th, 2006, ALI was arrested and a search warrant was served on his residence, 4617 Panorama Dr., in Bakersfield, California. During service of the search warrant, a Jukar-Spain .45 Caliber Pistol, serial number 109435, was found in the master bedroom of ALI's residence, and an Enfield rifle, serial number PF330911, was found in the rear yard of his residence. Both firearms were seized by the FBI as evidence. Lawful ownership of the firearms in a person other than ALI cannot be determined, because there are no records

pertaining to either of the firearms in the Automated Firearms System.

On October 7, 2010, ALI pled guilty to conspiring to act as an illegal agent of a foreign government, unlawfully export defense articles, and possess stolen government property, in violation of 18 U.S.C. §§ 371, 951, and 641 and 22 U.S.C. § 2278. ALI was subsequently sentenced to five years imprisonment on January 7, 2011.

LAW

The government is prohibited by law from returning firearms to an owner who has been convicted of a felony.  See 18 U.S.C. §§ 922(g).  The federal courts have held that under 18 U.S.C. § 922(g) a convicted felon who is prohibited from possessing firearms has no right to their return, and may not designate another person to receive them because that would be a prohibited exercise of constructive possession.  United States v. Felici, 208 F.3d 667, 669-70 (8th Cir. 2000); United States v. Howell, 425 F.3d 971, 975-77 (11th Cir. 2005); United States v. Harvey, 78 Fed. Appx. 13, 14-15, 2003 WL 21949151 (9th Cir. 2003).

The All Writs Act, 28 U.S.C. § 1651, authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  As the Supreme Court has explained, "the All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute."  Pennsylvania Bureau of Correction v. United States Marshals Service, 474 U.S. 34, 43 (1985).  The All Writs Act can be used by the government to obtain court authorization to destroy firearms seized in the course of a criminal investigation. See e.g., United States v. Smith, 142 Fed. Appx. 100, 2005 WL 1799364

4

(3rd Cir. 2005) (Affirming district court's order granting government's motion under the All Writs Act to destroy firearms and ammunition, and holding that Smith, a convicted felon, could neither possess firearms nor direct that they be transferred to his wife.)

## CONCLUSION

Due to ALI's felony conviction, he is now prohibited by law from owning, possessing or transferring firearms under 18 U.S.C. § 922(g). Since the subject firearms are no longer needed as evidence and lawful ownership of the firearms in a person other than ALI cannot be determined, the government requests a Court Order authorizing the Federal Bureau of Investigation to destroy the Jukar-Spain .45 cal, pistol, serial number 109435, and Enfield rifle, serial number PF330911, pursuant to the All Writs Act.

BENJAMIN B. WAGNER
United States Attorney

Date: October 4, 2011     By:/s/ Dawrence W. Rice, Jr.
                             DAWRENCE W. RICE, JR.
                             Assistant U.S. Attorney

## ORDER

Pursuant to the All Writs Act, IT IS ORDERED THAT the Jukar-Spain, .45 Caliber Pistol, Serial Number 109435, and Enfield Rifle, Serial Number PF 339011, seized during the course of the investigation and prosecution of Amen Ahmed Ali in 1:06-cr-00292 LJO, be destroyed by the Federal Bureau of Investigation.

IT IS SO ORDERED.

**Dated:    October 4, 2011**          /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE